UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE GRIFFIN,<br>    Plaintiff,<br><br>    v.<br><br>WERNER ENTERPRISES, INC.,<br>    Defendant. | Case No. 14 C 9995<br><br>Magistrate Judge Geraldine Soat Brown |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment. (Def.'s Mot.) [Dkt 21.] For the reasons set forth below, the motion is granted.

### JURISDICTION

Jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332 (a)(2). (Compl. ¶ 3.) [Dkt 1.] In her complaint, Griffin alleges she is a resident of Maryland. (Compl. ¶ 1; *see also* Def.'s LR Stmt. ¶ 2 [dkt 23].)[1] Werner is a Nebraska corporation with its principal place of business in Nebraska. (Answer ¶ 2.) [Dkt 17.] The parties agree that complete diversity exists in this case and the amount in controversy exceeds $75,000. (Def.'s LR Stmt. ¶ 4; Answer ¶ 3.) The parties have consented to the jurisdiction of a magistrate judge. [Dkt 16.]

---

[1] The citizenship of individuals is determined by domicile, not residence. *See, e.g., Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012). Because the parties agree that Griffin is a citizen of Maryland, the court will construe Griffin's statement as alleging her domicile.

## PROCEEDINGS ON THE MOTION

The purpose of Fed. R. Civ. P. 56(c) and Local Rule 56.1 is to allow the court to see in one document (or at most, two) which facts are undisputed and, if disputed, what evidence supports the parties' positions. On this motion, there are three "statements of undisputed fact," none of which respond precisely to the opposing party's. The material facts, however, are undisputed.[2]

## BACKGROUND

This case has a complicated procedural backstory, which will be discussed in detail later. In summary, Griffin initially filed suit against Werner and an individual named "Roger Ingram" in the Circuit Court of Cook County, Illinois ("Circuit Court One") on August 30, 2010, alleging that she slipped and fell on August 29, 2008 when getting out of a truck that was being operated by Ingram in Illinois as an agent of Werner. (Def.'s LR Stmt., Ex. 2.) Werner removed that case to United States District Court for the Northern District of Illinois on October 20, 2010 ("Federal Court One"), on the grounds of diversity. (Case No. 10-cv-6765, Notice of Removal [dkt 1].) Griffin did

---

[2] Defendant Werner Enterprises, Inc. ("Werner") filed a statement of undisputed facts. (Def.'s LR Stmt.) Instead of filing a response to Werner's statement as required by Local Rule 56.1(b)(3), plaintiff Jacqueline Griffin ("Griffin") filed her own statement of undisputed facts. (Pl.'s LR Stmt.) [Dkt 31.] Local Rule 56.1(b)(3)(A) requires that the non-movant's response contain numbered paragraphs "each corresponding to and stating a concise summary of the paragraph to which it is directed." Griffin did not even provide a list of which paragraphs of Werner's statement she disputed and which are undisputed. Rather, she simply provided her version of the facts as if she were the movant. Because Griffin failed to comply with LR 56.1(b)(3)(C) in her response, the material facts stated by Werner are deemed admitted.
   On the other hand, if Griffin's statement were considered to be the opposing party's statement of undisputed facts pursuant to Local Rule 56(b)(3)(C), Werner did not respond directly either. Instead, Werner filed a supplemental statement of undisputed facts. (Def.'s Suppl. Facts.) [Dkt 40.] Griffin was ordered to file a response to Werner's supplemental statement (Order, July 1, 2015 [dkt 43]), but did not, so those facts are deemed admitted.

not object to the removal. No proof of service on defendant Roger Ingram was ever filed Federal Court One.[3]

Werner moved for summary judgment on the grounds that Werner did not have an employee named "Roger Ingram," and that the truck described by Griffin's counsel as the one involved in the incident had been sold by Werner prior to the date of the accident. (Case No. 10-cv-6765 [dkt 11, 17].) Griffin never responded to Werner's motion and never contested any of Werner's statements of fact. Summary judgment in favor of Werner was entered by agreement February 1, 2011. (Def.'s LR Stmt., Ex 3.) The District Judge then ordered Griffin to appear and show cause why Ingram had not been served. (Case No. 10-cv-6765 [dkt 22].) When Griffin's counsel failed to appear as required, the case was dismissed on April 25, 2011. (Case No. 10-cv-6765 [dkt 23].)

Griffin filed a second lawsuit solely against Ingram in the Circuit Court of Cook County on September 29, 2011, under case number 2011 L 10179 ("Circuit Court Two"). (Compl., Ex. B.) "Roger Ingram" was served with summons in Circuit Court Two in Pennsylvania on November 11, 2011. (*Id.*, Ex. C.) A default judgment was entered against Ingram on June 7, 2012, in the amount of $300,000 plus court costs. (*Id.*, Ex. 4.)

Griffin, now represented by a different attorney, filed this case on December 12, 2014, solely against Werner, alleging that she had intended to bring suit against Roger *Ingrum,* an employee of

---

[3] Griffin's Statement of Undisputed Facts includes a "Notice of Filing" that was made in Circuit Court One by Griffin's then-attorney November 24, 2010, more than a month after the case had been removed to federal court. (Pl.'s LR Stmt., Ex. C.) Its title, "Proof of Illinois Secretary of State Service on Defendant Roger Ingram," is misleading. The document included is the Illinois Secretary of State's acceptance of service pursuant to 625 Ill. Comp. Stat. 5/10-301, but subsection (b) of that statute requires Griffin to follow up by notifying Ingram personally by registered mail with an affidavit of compliance. There is no evidence that any such notification occurred. The "Notice of Filing" was never filed in Federal Court One.

Werner, and that she simply misspelled the last name. (Compl. ¶¶ 14-16.) Griffin seeks a judgment against Werner for $300,000 and costs, the amount of the default judgment entered against Roger Ingram. (*Id.* at 3.)[4]

Werner now moves for summary judgment, arguing: first, that the judgment entered in its favor in Federal Court One is res judicata; second, that Griffin signed a valid waiver and release of her claim; and third, that the statute of limitations bars Griffin's claim. (Def.'s Mem. at 2.) [Dkt 24.] Griffin filed a response in opposition to Werner's motion (Pl.'s Resp. [dkt 30]), and Werner replied (Def.'s Reply [dkt 39]). The court denied Griffin's Motion for Leave to File Sur-Reply because her counsel did not identify a need for a reply. (Order, July 1, 2015.) [Dkt 43.]

**LEGAL STANDARD**

Summary judgment on all or part of a claim or defense is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To oppose a motion for summary judgment successfully, the responding party may not simply rest on its pleadings, but rather must submit evidentiary materials showing that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c). A genuine dispute of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the responsibility of identifying applicable evidence. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). In determining whether a genuine dispute of

---

[4] Although Griffin did not plead a specific theory of liability, the claim appears to based on respondeat superior, alleging that Roger Ingrum was Werner's agent, servant, and/or employee at the time of the accident. (Compl. ¶ 16.)

4

material fact exists, the court construes all facts and draws all reasonable and justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255.

## DISCUSSION

I. **The judgment in favor of Werner in Federal Court One is res judicata and bars Griffin's claim here**.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Ross v. Board of Education of Township High School Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2007) (quoting *Montana v. U.S.*, 440 U.S. 147 (1979)). Res judicata requires the following elements: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987).[5]

    A. <u>The judgment was final when the last remaining claim was dismissed by the District Judge on April 25, 2011.</u>

The parties do not dispute the identity of claims and parties between Griffin's claim against Werner in Federal Court One and this case. It is not clear, however, that Griffin concedes that the summary judgment entered by agreement in favor of Werner is a final judgment. Griffin's argument is difficult to decipher, but she appears to contend that because she was alleging a respondeat superior theory of liability against Werner based on the claims against Ingram, a judgment against Werner could not be final until there was a final judgment as to Ingram, which Griffin asserts was

---

[5] The parties cite Illinois state law for their arguments about res judicata, but "[t]he federal law of claim preclusion applies here because the earlier judgment was rendered by a federal court." *Ross*, 486 F.3d at 283 (citing prior authority).

not until the subsequent default judgment in Circuit Court Two. (Pl.'s Resp. at 6-7.)[6]

The fact that the judgment in favor of Werner was on summary judgment as opposed to a trial does not limit its res judicata effect. "[S]ummary judgment is a final judgment on the merits for purposes of claim preclusion." *Qualls v. NIU Bd. Of Trs.*, 272 F. App'x 512, 513-14 (7th Cir. 2008)(unpublished order). "[A] case need not go to full trial to be 'on the merits' and thus have preclusive effect." *Cannon v. Loyola Univ. of Chicago*, 609 F. Supp. 1010, 1015 (N.D. Ill. 1985).

> A "judgment on the merits" as that phrase is used in the conventional statement of the res judicata doctrine is not necessarily a judgment based upon a full trial of contested facts. Thus, a judgment by default, a judgment on stipulation or agreement, or on motion for summary judgment is "on the merits" for res judicata purposes.

*In re Ross*, 81 B.R. 473, 475 (Bankr. N.D. Ill. 1988) (citing *Ruple v. City of Vermillion*, 714 F.2d 860 (8th Cir. 1983).

Because the judgment in favor of Werner did not dispose of all claims in Federal Court One, however, it was not a final judgment when entered. Fed. R. Civ. P. 54(b). It became final when all claims in Federal Court One were disposed of. The involuntary dismissal of Griffin's claim against Ingram disposed of the final remaining claim and ended the action. "Generally, an order constitutes a final decision if it ends the litigation and leaves nothing to be decided in the district court." *U.S. v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1216 (7th Cir. 1990).

The district judge dismissed Griffin's claim against Ingram for want of prosecution and Griffin's violation of the court's orders. The court expressly warned Griffin that "failure to appear can result in the case being dismissed for want of prosecution and failure to follow the courts [sic]

---

[6] The name "Ingrum" did not appear in any of the lawsuits until the present case. This opinion will use "Ingram" in connection with the prior lawsuits because that is the name used in those lawsuits.

orders." (Case No. 10-cv-6765, Minute Order, Jan. 24, 2011 [dkt 19].) Fed. R. Civ. P. 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Federal courts have the authority to dismiss an action under Rule 41(b) for failure to comply with a prior court order. *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000). In addition,

> [c]ourts have discretion to impose sanctions to protect the judicial process, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and the authority of a court to dismiss cases *sua sponte* for lack of prosecution has long been considered an "inherent power" that is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

*Id.*

Griffin was warned again under the same principle on January 28, 2011. (Case No. 10-cv-6765, Order, Jan. 28, 2011 [dkt 20].) When Griffin's counsel appeared, the district judge ordered Griffin to file proof of service on Roger Ingram. (Case No. 10-cv-6765, Order, Feb. 1, 2011 [dkt 21].) Griffin failed to do so and was ordered to show cause why Ingram was not served. (Case No. 10-cv-6765, Order, April 13, 2011 [dkt 22].) Griffin, however, failed to appear to show cause and the district judge dismissed the case. (Case No. 10-cv-6765, Order, April 25, 2011 [dkt 23].) Although the district judge's dismissal order itself did not expressly refer to Rule 41, it was part of the series of orders referring to Griffin's failure to prosecute and failure to follow court orders. The order entering the dismissal was an adjudication on the merits under Rule 41(b).

The disposal of the final claim made all claims final and appealable. 28 U.S.C. § 1291. Griffin failed to take an appeal or otherwise move to stay the effect of the judgment. The judgment entered in favor of Werner is, therefore, a final judgment and entitled to res judicata effect.

B. <u>The judgment is not void.</u>

Griffin argues that the judgment in Federal Court One cannot be res judicata because that judgment is void. (Pl.'s Resp. at 4-5.) Griffin argues that there was no federal subject matter jurisdiction for Federal Court One because she and Ingram were both citizens of Pennsylvania at the time of the complaint's filing and at the time the case was removed to federal court, destroying the necessary diversity of parties. (*Id.*) In support she cites *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951) (judgment void for lack of subject matter jurisdiction).

As a threshold matter, Griffin does not explain why she waited four years to claim that the judgment is void. Fed. R. Civ. P. 60(c)(1) requires a motion for relief on the ground that the judgment is void be brought within a "reasonable time" after the entry of the judgment. Griffin (through her then-counsel) knew that summary judgment had been entered for Werner and that the case ended in 2011. Griffin also knew in 2010 and 2011 what her citizenship had been in 2008. Her current briefing makes no effort to explain why her argument is timely.

Considering the merits of that argument requires review of the record. In her complaint in Circuit Court One, Griffin alleged that on August 29, 2008, that she was a passenger in a vehicle being operated in Illinois by Roger Ingram in his capacity as agent, servant, and/or employee of Werner. (Def.'s LR Stmt., Ex. 2. ¶¶ 1-3.) She alleged that the vehicle was parked in the City of Channahon, Illinois, when she slipped and fell while descending off the truck. (*Id*. ¶¶ 2, 4.) The

8

complaint said nothing about the citizenship or residence of any party except that Werner was a "foreign corporation." (*Id.* at 1.)

Werner's Notice of Removal in Federal Court One alleged upon information and belief that Griffin was a citizen of Illinois because she had retained an Illinois attorney and was in Illinois at the date of the incident. (Case No. 10-cv-6765, Notice of Removal ¶ 2.) Werner also stated that Griffin's counsel had promised to provide information regarding Griffin's residence but no information had yet been provided: "Therefore, given the lack of objection from plaintiff's attorney regarding the plaintiff's Illinois citizenship, movant remains of the belief that the plaintiff is an Illinois resident." (*Id.*) Werner also stated, on information and belief, that Ingram was a citizen of Pennsylvania, based on the address listed for him on the summons in Circuit Court One. (*Id.* ¶¶ 8-9.)

Unlike the plaintiff in the *American Fire* case, Griffin never filed an objection to the Notice of Removal or a motion to remand. *See American Fire*, 341 U.S. at 7 ("Respondent tried to have the case remanded before trial but was unsuccessful."). Instead, Griffin's counsel joined in filing an initial status report asserting federal jurisdiction based on diversity. (Case No. 10-cv-6765 [dkt 16].) And, as described above, Griffin *agreed* to the entry of summary judgment in favor of Werner on her claim.

Griffin now contends that she was a citizen of Pennsylvania at the time of Federal Court One. In support, she submits only her affidavit dated May 18, 2015, stating that from the date of the accident, August 29, 2008, to February 1, 2011, she was a citizen of Pennsylvania, residing in Philadelphia. (Pl.'s LR Stmt., Ex. B.)[7] In response, Werner submits a copy of Griffin's driver's

---

[7] "A party's own declarations concerning the identity of his domicile . . . , as is true of any self-serving statement, are subject to judicial skepticism." 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3612, at 549 (3d ed. 2009).

9

license issued in September 2007 by the State of North Carolina, showing Griffin's address as North Carolina. (Def.'s Suppl. LR Stmt., Ex. A-1.) Werner also submits an accident report from the same date as the accident alleged in this case, in which Griffin reported falling over a parking block behind a store and breaking her arm. (Def.'s Suppl. LR Stmt., Ex. B-2.) In that report, her address is listed as "S[outh] C[arolina] (staying with mother)." (*Id.*)

The issue is whether Griffin's affidavit, submitted four years after the entry of the judgment in Federal Court One, undermines the res judicata effect of that judgment. The court finds that it does not.

In considering subject matter jurisdiction, the district judge in Federal Court One had broad discretion to consider "whatever evidence has been submitted." *Karazanos v. Madison Two Associates*, 147 F.3d 624, 626 (7th Cir. 1998). "A court may accept the uncontested, good faith allegations of jurisdictional facts." *Id.* (citation omitted). "[I]t is up to the party opposing federal jurisdiction to contest the facts as pleaded." *Id.* at 628. Like Griffin, the plaintiff in *Karazanos* never challenged the defendant's statement of jurisdictional facts justifying removal. *Id.* at 626. Instead, like Griffin, the plaintiff in *Karazanos* "acquiesced . . . and left the allegations of . . . citizenship unchallenged." *Id.* at 628.

The location of her own domicile (and, therefore, citizenship) was certainly something that Griffin knew. By failing to contest Werner's assertion in the Notice of Removal and by filing a joint statement acknowledging federal diversity jurisdiction, Griffin effectively stipulated to the fact (whether or not it was true), that she was a citizen of Illinois and not of Pennsylvania.

Although the parties cannot create federal jurisdiction by agreement, a party is bound by its stipulation of facts. As the Supreme Court stated, "Litigants, we have long recognized, are entitled

10

to have their case tried upon the assumption that facts, stipulated into the record, were established." *Christian Legal Society Chapter of Univ. of California, Hastings College of the Law v. Martinez*, 561 U.S. 661, 676 (2010) (citation and internal alterations omitted).

> Factual stipulations are binding and conclusive, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, or to maintain a contention contrary to the agreed statement, or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted.

*Id.* at 677 (citation and internal alterations omitted).

Griffin now suggests that the district judge should not have accepted statements of citizenship "on information and belief." (Pl.'s Resp. at 4.) Griffin cites *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992), which holds that an affidavit with bare allegations of citizenship on information and belief is insufficient. Where there are some facts, however, supporting the allegation of citizenship and the party "who [is] in the best position to furnish evidence of [its] citizenship – [has] declined the opportunity to challenge the factual basis of [the] allegation," the court may proceed. *Medical. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010).

A similar conclusion was reached in *Tile Unlimited, Inc. v. Blanke Corp.,* 788 F. Supp. 2d 734, 737 (N.D. Ill. 2011). The plaintiff there challenged the defendants' notice of removal for alleging upon information and belief that the plaintiff's principal place of business was in Illinois. *Id.* at 743. The district court noted that there were other indicia of the plaintiff's citizenship, including the complaint's allegations that the plaintiff purchased a product from one of the defendant's locations in Illinois and that the plaintiff was in the business of installing tiles in buildings in Illinois. *Id.* The court emphasized that, after the defendants alleged the plaintiff had

its principal place of business in Illinois – in effect, daring the plaintiff to challenge that assertion – the plaintiff fell silent. *Id.* The court ultimately concluded the record contained sufficient indicia that the defendants properly asserted diversity jurisdiction in their removal notice. *Id.*

In this case, the facts supporting Werner's Nebraska citizenship (which as never been contested) were set out in the Notice of Removal. Werner also set out facts supporting its belief that Griffin was a citizen of Illinois (the location of the accident, her hiring of an Illinois attorney and filing suit in Illinois). The inference drawn from those facts was confirmed by Griffin's failure to contest it. Werner's belief that Ingram was a citizen of Pennsylvania was drawn from the address Griffin set out in the summons, and there has never been a dispute that he was a citizen of Pennsylvania. 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Griffin never suggested before final judgment that subject matter jurisdiction was lacking.

Even assuming that Griffin can raise the issue at this late date, the judgment is not void for lack of subject matter jurisdiction. The uncontested facts presented to the District Judge showed federal jurisdiction existed: Werner was a citizen of Nebraska, Griffin was a citizen of Illinois, and Ingram was a citizen of Pennsylvania. Griffin cannot now – four years after the final judgment – change those facts by saying, in effect, she mislead the court and Werner.

    C.    <u>The judgment will not be vacated as a fraud on the court.</u>

Griffin also argues that Werner fraudulently represented in Federal Court One that it did not

own the truck involved in this case and that Ingram was not its employee.[8] Fed. R. Civ. P. 60(b)(3) requires a party seeking to set aside a judgment for fraud to make such a motion within one year of the judgment. That time has passed, and Griffin is limited to her argument under Fed. R. Civ. P. 60(d)(3), which allows the court to set aside a judgment for fraud on the court. Fraud on the court is exempted from the one-year limitation because it is more serious than fraud on the opposing litigant and involves egregious conduct that might corrupt the judicial process itself, such as bribing a judge or inserting bogus documents into the record. *Oxxford Clothes XX, Inc. v. Expeditors Intern. of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997). Griffin does not meet her burden here.

As discussed above, Werner moved for summary judgment in Federal Court One because its records showed it did not have an employee named "Roger Ingram," the name pled in Griffin's complaint. Werner's Supplemental Statement of Material Undisputed Facts in Federal Court One also stated that Griffin's then-attorney informed Werner's counsel in January 2011 that the truck involved was Werner's Tractor Number 45671. (Case No. 10-cv-6765 [dkt 17].) Werner said that a review of its records showed that Tractor Number 45671 had been sold before the date of the accident, August 29, 2008. (*Id*.) Griffin never disputed those statements. Certainly, the attorney then representing Griffin knew what he told Werner's attorney, and if Werner's statement was not correct, Griffin's counsel had an opportunity to deny it and correct the record.

Griffin now says that at some unspecified time she "discovered" that Roger Ingram's name was misspelled in both of her complaints, and the actual spelling is "Ingrum." (Pl.'s LR Stmt. ¶ 24.) She says, "Shortly after Griffin discovered that Ingrum was, in fact an employee of Werner at the

---

[8] Griffin also argues that Werner falsely represented that Ingram had not been served at the time of removal, and that Griffin was a citizen of Illinois. Those arguments have been discussed above.

time of the accident, Griffin also discovered that Werner owned the truck at the time of the accident." (Pl.'s Resp. at 9.) She does not state when she made those discoveries or why she could not have made them earlier.

Werner states, "Years after summary judgment was entered, Plaintiff's counsel provided the correct spelling of the driver's name [Ingrum] which allowed Werner to locate the driver's file which contained Griffin's Passenger Permit Application and the driver's license she submitted with that application." (Def.'s Suppl. Stmt. ¶ 7.) Griffin has not denied that statement.

That "Passenger Authorization and Release," which was signed by Griffin in July 2008 in order to get Werner's permission ride with Ingrum, has his name correctly spelled: "Roger Ingrum." (Def.'s LR Stmt., Ex 8.) He is identified as Griffin's "friend." (*Id*.) Likewise, the Accident Report that Giffin filled out when she fell behind the store on the same day has the correct spelling: "Roger Ingrum." (Def.'s Suppl. Stmt., Ex. B.) The Passenger Authorization identifies the Power Unit number (tractor number) as 45167, *not* 45671, the number Griffin's counsel told Werner in 2011. (Def.'s LR Stmt., Ex 8.)

In short, Griffin knew that the correct name of her friend was "Roger Ingrum" not "Ingram," yet she sued him twice under the wrong name. Her lawyer also gave Werner the wrong tractor number. Now using the correct number, Werner does not deny that it owned tractor *45167* in 2008. But there is no basis to believe that the information Werner submitted in Federal Court One – based on the name and number Griffin supplied – was not accurate. Werner's Senior Counsel of Litigation states that Werner had more than 10,000 employees during the relevant time period. (Def.'s Suppl. Stmt., Ex. A, Afft. of Nathan Meisgeier ¶ 2.) Its employee database requires accurate names to search for an employee, and its search for "Roger Ingram" did not locate an employee. (*Id.* ¶¶ 3-4.)

14

Griffin does not contest those facts. Rather, Griffin speculates – without any evidence– that "[m]ost likely, Werner was always aware that Griffin misspelled Roger Ingrum's name." (Pl.'s Resp. at 10.) On the contrary, it was the responsibility of Griffin and her original counsel to provide accurate information. They, not Werner, are the authors of Griffin's problems. [9]

Because the judgment in favor of Werner in Federal Court One is res judicata, it bars Griffin's claim here.[10]

## II. Griffin released her claim against Werner.

Werner also contends Griffin waived her right to sue Werner by signing the Passenger Authorization and Release agreement. (Def.'s Mem. 5-8.) Griffin argues that the language of the release does not apply because she was allegedly injured while attempting to get into the cab. (Pl.'s Resp. at 16.) The language of the release is broad enough to cover Griffin's alleged injury. It states (in part): "I hereby release and hold harmless Werner Enterprises . . . from any and all liability for personal injury . . . in any way arising from my status as a non-driver, whether as a passenger, or during any loading, unloading, or other use of the power unit." (Def.'s LR Stmt., Ex. 8.) Griffin fails to provide any support for her argument that the release should not be applied here or does not

---

[9] Griffin's affidavit also states that she submitted her medical bills from the accident to Werner "under a Zurich health insurance [sic] provided by Defendant Werner Enterprises, Inc." using a Pennsylvania address. (Pl.'s LR Stmt., Ex. B ¶ 3.) She does not include any bills or other documents to support her statement. Werner's Senior Counsel of Litigation states that Griffin never submitted a claim for her alleged injuries to Werner and Zurich did not provide copies of Plaintiff's medical bills to Werner. (Def.'s Suppl. Stmt., Ex. A, ¶¶ 5-6.) Griffin's unsupported statement fails to demonstrate any knowledge by Werner and does nothing to prove any of her arguments.

[10] Griffin's argument (Pl.'s Resp. at 10-11, 14-15) that Werner waived its right to assert defenses of res judicata or the release Griffin signed because those defenses were not asserted in Circuit Court Two (to which Werner was not a party) is frivolous and requires no discussion.

15

cover her claim. The court finds that Griffin released her alleged claim against Werner.

**III.     The statute of limitations bars Griffin's claim.**

Werner also argues that the statute of limitations bars Griffin's claim for an injury that occurred in August 2008. (Def.'s Mem. at 8.) Werner cites the two year limitation in 735 Ill. Comp. Stat. § 5/13-202. Griffin fails to respond in any way to that argument. The court finds that Griffin's claim against Werner is also barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [dkt 21] is granted. Judgment is entered in favor of defendant Werner Enterprises, Inc. and against plaintiff Jacqueline Griffin.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

Dated: March 1, 2016